Curia, per Sutherland, J.
The deposition should have been admitted in evidence. The preliminary proof of the witness being without the jurisdiction of the state, was admitted to be sufficient to show that fact. It was also admitted that the deposition was taken on regular notice to the opposite attorney; and that he attended before the officer who took it. He was admitted to have competent authority.
The practice of taking the deposition of witnesses, who are about to leave the state, de bene esse, received .the sanction of this court, in Mumford v. Church, (1 John. Cas. 150.) It has been in constant use from that period to the present; and we are not aware that the propriety of the practice has *70 ever been questioned, when conducted under the guards and restrictions which have been imposed upon it. Notice to the opposite party is always required; and an examination conducted by the parties themselves, where the witness is present, and liable to be sifted on cross examination, is much more likely to elicit truth, and is attended with less delay and expense, than the ordinary mode of taking it by commission. ‘ We find the practice thoroughly established7; and we perceive no reason for changing it.
It is said the witness must be resident of this State; and that the practice is not admissible in the cáse of a foreign witness, who happens to be here. We are not aware of any reason for such a distinction. On the contrary, Mumford v. Church, which is the only reported case on the subject, was one of a foreign witness. The deposition was taken in New York, and the residence of the witness is stated to have been in Connecticut.
The deposition, if it had been received, and contained what the defendant offered to prove by it, must have defeated the plaintiff’s action; and a new trial must be granted.
New trial granted, (a)

 Vid. Jackson v. Kent, ante, 59; see Packard v. Mil, post, 489; 1 John. Oas. 291; 2 N. Y. Rev. Stat. 312, secs. 1, 2 ; Monell’s Pr. 2d ed. 609.