DETERMINED IN THE

# SECOND DEPARTMENT

AT

# GENERAL TERM

## 𝕵𝖚𝖓𝖊, 1889.

---

CHARLES S. HIGGINSON, APPELLANT, *v.* THE SECOND
NATIONAL BANK OF THE CITY OF NEW YORK,
RESPONDENT.

*Examination of a witness* de bene esse — *affidavit used on a motion therefor —
allegations as to the witnesses' departure from the State.*

The affidavit upon which an order was obtained to examine a witness before trial
stated that "said George W. Fuller, as deponent is informed by him and verily
believes, is about to depart from the city of Brooklyn, Kings county, N. Y.,
and from this State, for his said home at Norwich, Conn., to remain perma-
nently there, on the afternoon of Wednesday, February 13, 1889."
The witness referred to was not in this State when the affidavit was made, but he
had promised to come to Brooklyn on the twelfth of February and be examined,
and proposed to be in Brooklyn on the twelfth and leave the State again on the
next day.
*Held*, that the affidavit upon which the application was made was not fraudulent,
nor did it contain a suppression of the truth.

APPEAL by the plaintiff from an order made at the Kings County
Special Term on the 9th day of March, 1889, and entered in the
office of the clerk of Kings county on that day, by which it was
ordered that the deposition of a witness, George W. Fuller, taken
*de bene esse* in the above-entitled action, be suppressed and that it
go for naught.

The affidavit upon which the application was made for an order for the examination of said witness stated, among other things, as follows: " 6. That the said George W. Fuller, as deponent is informed by him and verily believes, is about to depart from the city of Brooklyn, Kings county, N. Y., and from this State, for his said home at Norwich, Conn., to remain permanently there, on the afternoon of Wednesday, February 13, 1889." Under the application made upon such affidavit the witness was directed to appear for examination and was duly examined.

*Edwin W. Sanborn,* for the appellant.

*Butler, Stillman & Hubbard,* for the respondent.

BARNARD, P. J. :

The affidavit upon which the order was obtained to examine the witness Fuller was in due form. Fuller lived in the State of Connecticut, and by an arrangement with the defendant's attorney agreed to come into this State on the 12th day of February, 1889, to be examined *de bene esse.* The affidavit contained a statement that the witness Fuller was about to depart from this State to his home on the 13th of February, 1889, to remain permanently. The witness was not in the State when the affidavit was made. The examination of a witness who resided in a foreign State who happens to be here is properly taken. ( *Wait* v. *Whitney,* 7 Cow., 69.) The statute covers transient witnesses from other States and countries who happen to be here as well as residents of the State who are about to leave the State. (*Packard* v. *Hill,* 7 Cow., 489.) There was no fraud in the affidavit, nor even a suppression of the truth. The affidavit stated that the witness proposed to leave the State on the 13th of February, 1889. He had promised to come to Brooklyn on the twelfth and be examined. If the affidavit had stated that Fuller lived in Connecticut and proposed to be in Brooklyn on the 12th of February, 1889, and leave the State again on the next day, the examination could be taken under section 872 of the Code.

The order should, therefore, be reversed, with costs and disbursements.

PRATT, J., concurred.

Order reversed, with costs and disbursements.